Catherine S. Nasser (State Bar No. 246191)
cnasser@JonesDay.com
Allison E. Crow (State Bar No. 279078)
acrow@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      +1.415.626.3939
Facsimile:      +1.415.875.5700

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION, a New York Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YAKOV REZNIK, as an individual and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation; and DOES 1 through 100, inclusive,**<br><br>**Defendants.** | Case No. 3:15-cv-2419<br><br>**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[18 U.S.C. §§ 1332, 1441 AND 1446]**<br><br>**[Certification of Interested Parties; FRCP 7.1 Corporate Disclosure Statement; and Civil Cover Sheet Filed Concurrently]** |

1    TO THE CLERK OF THE ABOVE ENTITLED COURT:

2    PLEASE TAKE NOTICE THAT International Business Machines Corporation

3    ("Defendant" or "IBM"), Defendant in the above-titled action, hereby removes this matter to the

4    United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1332,

5    § 1441 and § 1446.  The grounds for removal are as follows:

6    **PLAINTIFF'S CLASS ACTION COMPLAINT**

7    1.     On or about April 30, 2015, Plaintiff Yakov Reznik ("Plaintiff") filed a Complaint

8    for Damages and Injunctive Relief ("Complaint") in the Superior Court of the State of California

9    for the County of San Francisco, Case No. CGC 15-545602, captioned <u>Yakov Reznik, as an

10   individual and on behalf of all others similarly situated v. International Business Machines

11   Corporation, a New York Corporation, and Does 1 through 100, inclusive</u>.  On or about May 19,

12   2015, Plaintiff filed a First Amended Complaint ("Amended Complaint").

13   2.     In the Complaint, Plaintiff, who alleges he was employed by Defendant in

14   California from December 2012 until approximately April 2014, seeks to represent a class of "all

15   current and former employees of Defendants who worked in California during the period from

16   April 30, 2010 to the present."  Complaint ¶¶ 9, 19; <u>see also</u> Amended Complaint ¶¶ 9, 19

17   (alleging same class but changing "April 30, 2010" to "April 30, 2011").  Plaintiff alleges that his

18   putative class includes the following six subclasses, some of which overlap: (a) all current and

19   former employees of Defendant in California whom Plaintiff alleges were subject to IBM's

20   policies regarding vacation time and personal choice holidays, from April 30, 2010 to the present;

21   (b) all former employees of Defendant in California whom Plaintiff alleges were subject to IBM's

22   policies regarding vacation time and personal choice holidays from April 30, 2010 to the present;

23   (c) all current and former employees of Defendant in California whom Plaintiff alleges were not

24   paid out earned and accrued vacation time and personal choice holidays and were terminated at

25   any time from April 30, 2010 to the present; (d) all former employees of Defendant in California

26   whom Plaintiff alleges were not paid out earned and accrued vacation time and personal choice

27   holidays and were terminated at any time from April 30, 2010 to the present; (e) all former

28   employees of Defendant in California who were paid their final paychecks beyond 72 hours from

CASE NO. 3:15-cv-2419                 - 1 -    DEF. IBM CORPORATION'S NOTICE OF REMOVAL
                                               OF CIVIL ACTION FROM STATE COURT

the end of their employment from April 30, 2010 to the present; and (f) all current and former employees of Defendant in California who received itemized wage statements from Defendant between April 30, 2010 and the present.  Complaint ¶ 19; see also Amended Complaint (alleging the same class and subclasses, except changing the start of the class period from April 30, 2010 to April 30, 2011).

3.      In both the Complaint and Amended Complaint, Plaintiff alleges the following causes of action on behalf of himself and those he seeks to represent: (1) forfeiture of vacation pay (California Labor Code § 227.3); (2) failure to keep accurate records (California Labor Code § 226); (3) failure to timely pay wages of terminated employees (i.e., "waiting time" penalties) (California Labor Code § 201-203); and (4) violations of the Unfair Competition Law (California Business and Professions Code § 17200 et seq.).

4.      In both the Complaint and Amended Complaint, Plaintiff seeks the following relief on behalf of himself and the members of the putative class: all vested vacation wages and personal choice holidays; waiting time penalties under Labor Code § 203; penalties/damages under Labor Code § 226; restitution for alleged violations of California Business and Professions Code § 17200 ; and reasonable attorneys' fees, expenses and costs.  Complaint, Prayer for Relief, p. 12; see also Amended Complaint, Prayer for Relief, pp. 13-14.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

5.      On May 1, 2015, Plaintiff served Defendant with the Complaint, and on or about May 27, 2015, Plaintiff served Defendant with the Amended Complaint.  Defendant's removal of this action is timely because Defendant is removing this matter within 30 days of Plaintiff's completion of service of the initial pleading.  See 28 U.S.C. § 1446(b).

6.      In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit 1 is a "copy of all process, pleading, and orders" served upon Defendant in this action.

7.      Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Francisco.

**JURISDICTION – CLASS ACTION FAIRNESS ACT**

8.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 14

("CAFA")).  Under Section 1332(d), federal courts have original diversity jurisdiction over a

class action whenever:  (1) "any member of a [putative] class of plaintiffs is a citizen of a State

different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the matter in controversy exceeds

the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "the number of members

of all proposed plaintiff classes in the aggregate is" more than 100.  28 U.S.C. § 1332(d)(2),

1332(d)(5)(B).  As demonstrated below, the amount in controversy exceeds the jurisdictional

threshold in this case.[1]  See Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 553-54

(2014) ("a defendant's notice of removal need include only a plausible allegation that the amount

in controversy exceeds the jurisdictional threshold.").

<u>Citizens of Separate States</u>

9.      First, Plaintiff and Defendant are citizens of separate states.  See 28 U.S.C. §§

1332(c)(1) and (d)(2).  Plaintiff was employed in California and, upon information and belief, is

domiciled in California.  Complaint ¶ 9; see also Amended Complaint ¶ 9.  He is thus a citizen of

that State.  See Gilbert v. David, 235 U.S. 561, 569 (1915).  Defendant, on the other hand, is a

New York corporation with its principal place of business in New York and is therefore a citizen

of New York.  Hertz Corp. v. Friend, 559 U.S. 77 (2010) (holding that a corporation's principal

place of business is its "nerve center," which will normally be where it maintains its

headquarters).  IBM's Worldwide Headquarters are located in Westchester County, New York, as

are the headquarters for its sales functions, its major lines of business and its principal

administrative and corporate functions, such as Human Resources, Communications &

Marketing, Finance (including Accounting and Business Development), Legal, and Strategy.  In

---

[1] Removal is independently appropriate pursuant to 28 U.S.C. § 1453, which authorizes removal of class actions to federal court even where § 1332(d) requirements are not met.  See 14B Charles Alan Wright et al., Federal Practice & Procedure § 3724 (4th ed. 2009) ("Section 1453 does not by its terms limit the class actions that benefit from [liberalized removal requirements] to the kinds of class actions as to which CAFA authorized [original] federal jurisdiction.").

1   addition, IBM's executive officers are located in New York, its corporate minutes are maintained

2   in New York, and meetings of the Board of Directors occur in New York.  Although Plaintiff has

3   named 100 fictitiously named "Doe" defendants, the citizenship of these "Doe" defendants is

4   disregarded for purposes of removal.  28 U.S.C. § 1441(b)(1); <u>Newcombe v. Adolf Coors Co.</u>,

5   157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued

6   under fictitious names shall be disregarded).

7                                    <u>Amount Of Matter In Controversy</u>

8          10.      Second, though Defendant does not concede liability and adamantly disputes

9   Plaintiff's factual allegations and the propriety of the class he pleads, the Complaint places in

10  controversy a sum greater than $5,000,000.  <u>See</u> 28 U.S.C. § 1332(d).

11             (a)      <u>Waiting Time Penalties/Former Employees</u>.  Under California Labor Code

12  § 203, an employer who fails to pay in full wages to terminated employees must pay, as a penalty,

13  the employee's wages for each day such wages are not paid, up to a maximum of 30 days' wages.

14  Plaintiff's waiting time claim is based, in part, on Defendant's alleged failure to pay accrued

15  vacation and personal choice holidays to members of the putative class who ended their

16  employment with Defendant.  Complaint ¶ 41 (Third Cause of Action); *see also* Complaint ¶ 33. [2]

17  Plaintiff alleges that "[a]s a pattern and practice, Defendants <u>regularly</u> failed to pay Plaintiff and

18  class members their final wages … including all vacation wages and personal choice holidays …

19  and accordingly owe waiting time penalties…."  Complaint ¶ 41 (emphasis added); <u>see also</u>

20  Amended Complaint ¶ 41 (same allegation but adding "and subclass members" after "the class").

21  Plaintiff alleges that his claim includes "<u>all</u> former employees … who worked in California to

22  whom Defendants applied policies regarding vacation time and personal choice holidays ... during

23  the period from April 30, 2010 to the present."  Complaint ¶ 19(b) (emphasis added); <u>see also</u>

24  Amended Complaint ¶ 19(b) (same allegation but changing "April 30, 2010" to "April 30,

25  2011").

26         During the three-year period applicable to § 203 claims (April 30, 2012 to April 30,

27  _____
          [2] Plaintiff also seeks waiting time penalties premised on Defendant's alleged failure to
28  timely pay final wages other than vacation and personal choice holiday wages.  Complaint ¶ 40-
     41; Amended Complaint ¶ 40-41.

2015), in excess of 750 full-time employees separated (due to retirement, resignation or other reasons) from IBM in the state of California.  At the time of their separations, these employees earned an average monthly salary in excess of $5,000 per month, which equates to $230.77 per day.[3]  Because these employees all separated more than 30 days prior to removal, and because Plaintiff alleges they "forfeited" (Complaint ¶ 9; Amended Complaint ¶ 9) – i.e., were never paid – vacation and personal choice holiday wages, Plaintiff's claim places in controversy 30 days' wages for each such individual.  As such, although Defendant denies that any employee was improperly paid upon separation, Plaintiff's § 203 claim alone places in controversy in excess of $5,000,000 (750 x $230.77 per day x 30 days = $5,192,325).

11.    Plaintiff alleges additional damages, summarized below, that further illustrate that the CAFA amount-in-controversy threshold is satisfied in this case:

(a)    <u>Vacation Pay/Former Employees</u>.  Plaintiff alleges that "[a]s a matter of <u>uniform corporate policy, procedure and practice</u> Defendants violated Labor Code § 227.3 by compelling or coercing Plaintiff and members of the class to forfeit vested vacation wages…" Complaint ¶ 31 (emphasis added); <u>see also</u> Amended Complaint ¶ 31 (same allegation but adding "and subclasses" after "class").  Plaintiff further alleges that Defendant "<u>regularly</u> failed to pay … vacation wages and personal choice holidays" (Complaint ¶ 41 (emphasis added); <u>see also</u> Amended Complaint ¶ 41 (emphasis added)) and that vacation and personal choice holidays were subject to forfeiture during, and at the termination of, employment (Complaint ¶ 9; <u>see also</u> Amended Complaint ¶ 9).   Plaintiff pleads a class consisting of "<u>all</u> current and former employees … who worked in California during the period from April 30, 2010 to the present." Complaint ¶ 19 (emphasis added); <u>see also</u> Amended Complaint ¶ 19 (same allegation but changing "April 30, 2010" to "April 30, 2011").

While Defendant disputes these claims in their entirety, the damages that Plaintiff seeks for alleged forfeited vacation pay would be in addition to the waiting time penalties calculated above, further demonstrating that the amount-in-controversy threshold is met.

---

[3] The daily rate is calculated as follows: (1) Multiplying the monthly rate by 12 to determine the yearly rate.  (2) Dividing the yearly rate by 2080 hours to get the hourly rate. (3) Multiplying the hourly rate by 8 to get the daily rate.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(b)      <u>Wage Statement Penalties (Cal. Lab. Code § 226)</u>.  Plaintiff alleges that "as a matter of uniform policy, practice, and procedure," Defendant did not maintain and keep accurate records, in violation of § 226.  Complaint ¶ 35; Amended Complaint ¶ 35.  In support of this claim, Plaintiff asserts:

> Defendants failed to record and pay all legally earned accrued and unused vacation wages and personal choice holidays of Plaintiff and the class . . . at the end of employment and all such vacation wages earned and owed at the end of employment resulting in a failure to keep accurate records of the hours worked.  Defendants also failed to keep accurate records of the earning, use, and payment of such vacation wages, and payment of such wages in pay periods including year to year legal accrual and year to year rollover of unused legally earned such vacation wages. . . .

> Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226 . . .

Complaint ¶ 36-37; Amended Complaint ¶¶ 36-37 (same allegation but adding "and subclasses" after "the class").  The statute of limitations applicable to Plaintiff's § 226 claim is one year.  Therefore, Plaintiff's § 226 claim purportedly extends to all current employees in California and all former employees in the putative class who separated from IBM during the one year limitations period.  While Defendant disputes these claims in their entirety, Plaintiff's § 226 claim could place in controversy additional wage statement penalties of $50 for the first violation and $100 *per each additional violation* up to a maximum of $4000 for *each* putative class member.  <u>See</u> Cal. Lab. Code § 226.

(c)      <u>Attorneys' Fees</u>.  Plaintiff also seeks reasonable attorneys' fees, which may be included in the amount of controversy, in addition to the above calculations.  Complaint, Prayer for Relief ¶ 9; Amended Complaint, Prayer for Relief ¶ 9; <u>see</u> <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); <u>Simmons v. PCR Tech.</u>, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys fees are "recoverable by statute," fees reasonably

anticipated over the life of the litigation are included in the amount-in-controversy analysis).

Inclusion of these fees as alleged by Plaintiff further demonstrates that the amount-in-controversy

is met.

### Number of Proposed Class Members

12.     Third, the number of members of the proposed class exceeds 100.  See 28 U.S.C.

§ 1332(d)(5)(B); Complaint at ¶ 20 (the members of the alleged class and subclasses "exceeds

100 persons"); Amended Complaint ¶ 20 (same); see also supra at Paragraph 10(a).

### General Statement

13.     In alleging the amount in controversy for purposes of removal, Defendant does not

concede that Plaintiff is entitled to wages, penalties, or any of the damages or relief alleged in the

Complaint.  Nor does Defendant concede, for any purposes, that any or all of its current or former

employees are entitled to any recovery in this case, or are appropriately included in the putative

class or subclasses.

WHEREFORE, the above-titled  lawsuit is hereby removed to this Court from the

Superior Court of the State of California, County of San Francisco.


Dated: June 1, 2015                              JONES DAY


By: /s/ Catherine S. Nasser
        Catherine S. Nasser

Counsel for Defendant
INTERNATIONAL BUSINESS MACHINES
CORPORATION, a New York Corporation


NAI-1500344110v12

# Exhibit 1

 CT Corporation

**Service of Process Transmittal**
05/01/2015
CT Log Number 527049288

TO: Tulloss Delk
IBM Corporation
1 North Castle Drive, Mail Drop 133
Armonk, NY 10504

RE: **Process Served in California**

FOR: International Business Machines Corporation (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Yakov Reznik, etc., Pltf. vs. International Business Machines Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Cover Sheet, Instructions, Addendum, Complaint |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC15545602 |
| **NATURE OF ACTION:** | Employee Litigation - Complaint for violation of labor code 227.3 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/01/2015 at 11:15 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Peter M. Hart<br>Law Office of Peter M. Hart<br>12121 Wilshire Blvd<br>Suite 205<br>Los Angeles, CA 90025<br>310-207-0109 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/02/2015, Expected Purge Date: 05/07/2015<br>Telephone, Tulloss Delk , 914-765-4737<br>Image SOP<br>Email Notification, Angela Golfo agolfo@us.ibm.com<br>Email Notification, Tulloss Delk tdelk@us.ibm.com<br>Email Notification, Janet Gaetano janetmg@us.ibm.com<br>Email Notification, Teayna Gibbs teagibbs@us.ibm.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

5/1/15
11:15A

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

INTERNATIONAL BUSINESS MACHINES CORPORATION, a New
York Corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

YAKOV REZNIK, as an individual and on behalf of all others similarly
situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENAOR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Civic Center Courthouse

400 McAllister St.
San Francisco, CA 94102

| CASE NUMBER: *(Número del Caso)* |
|---|
| CGC 15-545602 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: APR 30 2015        CLERK OF THE COURT, by     Victoria Gonzalez      , Deputy
*(Fecha)*                          *(Secretario)*                                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

**BY FAX**

3. ☒ on behalf of *(specify):* INTERNATIONAL BUSINESS MACHINES CORPORATION

under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/1/15

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412 20, 465
*www.courtinfo.ca.gov*

 **Superior Court of California, County of San Francisco**
**Alternative Dispute Resolution**
**Program Information Package** 

> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management.

Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF COMPLETED STIPULATIONS TO BASF.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br><br> DEPARTMENT 610 |

**1)    The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐    **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐    **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐    **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐    **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐    **Other ADR process (describe)** _____

**2)    The parties agree that the ADR Process shall be completed by (date):** _____

**3)    Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

| _____ | _____ |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| _____ | _____ |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| _____ | _____ |
| Signature of Party or Attorney | Signature of Party or Attorney |

☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant         ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Dated: _____         Dated: _____

☐ *Additional signature(s) attached*

ADR-2  04/14                    STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

  STREET ADDRESS:

  MAILING ADDRESS:

  CITY AND ZIP CODE:

  BRANCH NAME:

  PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT <br> *(Check one):* ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE** <br> (Amount demanded    (Amount demanded is $25,000 <br> exceeds $25,000)    or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                Time:            Dept.:         Div.:           Room:

Address of court *(if different from the address above)*:

☐  Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
       (1) ☐  have not been served *(specify names and explain why not)*:

       (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

       (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.   Type of case in ☐ complaint     ☐ cross-complaint     *(Describe, including causes of action)*:

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

⬜ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ⬜ a jury trial ⬜ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ⬜ The trial has been set for *(date):*
   b. ⬜ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ⬜ days *(specify number):*
   b. ⬜ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ⬜ by the attorney or party listed in the caption ⬜ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ⬜ Additional representation is described in Attachment 8.

9. **Preference**
   ⬜ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ⬜ has ⬜ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ⬜ has ⬜ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ⬜ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ⬜ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ⬜ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
- a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
- b. Reservation of rights: ☐ Yes ☐ No
- c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
- a. ☐ There are companion, underlying, or related cases.
   - (1) Name of case:
   - (2) Name of court:
   - (3) Case number:
   - (4) Status:
   ☐ Additional cases are described in Attachment 13a.
- b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

   | Party | Description | Date |
   |---|---|---|

- c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

20. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

## Experienced mediators are available in the following areas

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...

# TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yuhas, Esq.*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq.*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

*Mark Abelson, Esq.*
*Campagnoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*



# MEDIATION SERVICES



PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
www.sfbar.org/mediation

adr@sfbar.org or
415-982-1600



THE BAR ASSOCIATION OF
SAN FRANCISCO

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.



## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.



## The Early Settlement Program:

▷ Helps you resolve cases **quickly** and **economically**

▷ Has been a trusted program for over 20 years

▷ Boasts a 78% settlement rate and 97% satisfaction rate

## Early Settlement provides:

▷ Panels of experienced trial attorneys (all with at least 10 years of experience)

▷ **Three free hours** of settlement conference time per case, including one hour of preparation time

▷ Panelists who are matched with the case's type of law

▷ **Low administrative fee** of $295/party, capped at $590 for parties represented by the same counsel

### FAST

Do you have a case filed in San Francisco Superior Court and want to settle sooner than your trial date?

### ECONOMICAL

Want a settlement option with less stress and cost than trial?

### FAIR

Want the skills of experienced panelists in arriving at a realistic, satisfying settlement?

Consider The Bar Association of San Francisco's

# Early Settlement Program

Learn more about the Early Settlement Program-scan the QR code or visit www.sfbar.org/adr/esp

## What is ESP?

The Bar Association of San Francisco's **Early Settlement Program** (ESP) is available as one of San Francisco Superior Court's Alternative Dispute Resolution (ADR) programs (Local Rule 4.3).

ESP is a **highly successful** ADR program that handles cases in areas of law such as business, personal injury, employment, labor, civil rights, discrimination, insurance, malpractice, landlord/tenant, and many others.

ESP is **unique** in that the panelists, in helping you move toward settlement, can provide you confidential feedback about their evaluation of your case, including opinions as to potential case value.

For more information as well as the complete Policies & Procedures, go to: **www.sfbar.org/esp**

## Who are the Panelists?

They are experienced attorneys with at least 10 years of trial experience. Panels consist of one plaintiff and one defense attorney. Sometimes an attorney who is experienced in both types of representation serves as a solo panelist.

## Costs

There is a $295 administrative fee per party, capped at $590 for multiple parties represented by the same attorney, to pay for the cost of running this program. If you have a fee waiver with the Superior Court, your fee will be waived by the ESP program.

## Contact

▷ email esp@sfbar.org

▷ phone: 415-982-1600

▷ fax: 415-989-0381

## Steps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

❶ Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

❷ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

❸ There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

❹ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

❺ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

❻ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

❼ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

❽ If the matter is settled in your ESP conference, congratulations!

❾ If the matter is not settled in your ESP conference, your initial court date remains the same.

CASE NUMBER: CGC-15-545602 YAKOV REZNIK VS. INTERNATIONAL BUSINESS MACHIN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **SEP-30-2015** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| PETER M. HART (SBN:198691); TINA MEHR (SBN: 275659)<br>LAW OFFICES OF PETER M. HART<br>12121 WILSHIRE BLVD., SUITE 205<br>LOS ANGELES, CA 90025<br>TELEPHONE NO.: 310-207-0109    FAX NO.: 509-561-6441<br>ATTORNEY FOR (Name): Yakov Reznik | ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>APR 30 2015<br><br>CLERK OF THE COURT<br>Victoria Gonzalez<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 MCALLISTER ST
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SAN FRANCISCO, 94102
BRANCH NAME: CIVIC CENTER COURTHOUSE

CASE NAME:
Reznik v. International Business Machines Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC 15-545602 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify):
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: 4/30/2015

Peter M. Hart
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

APR 3 0 2015

CLERK OF THE COURT
BY: ___VICTORIA GONZALEZ___
Deputy Clerk

PETER M. HART (State Bar No. 198691)
TINA MEHR (State Bar No. 275659)
**LAW OFFICES OF PETER M. HART**
12121 Wilshire Blvd., Suite 205
Los Angeles, CA 90025
Telephone: (310) 478-5789
Facsimile: (509) 561-6441

Attorneys for Plaintiff Yakov Reznik

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO

YAKOV REZNIK, as an individual and on behalf of all others similarly situated,

Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation; and DOES 1 through 100, inclusive,

Defendants.

**CGC 15-545602**

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

(1) **VIOLATION OF LABOR CODE § 227.3 (VACATION);**

(2) **VIOLATION OF LABOR CODE § 226 RELATING TO RECORD KEEPING;**

(3) **VIOLATION OF LABOR CODE § 203;**

(4) **UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200, *et seq.*)**

**DEMAND FOR JURY TRIAL**

BY FAX

1

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    Plaintiff YAKOV REZNIK ("Plaintiff") hereby submits this Class Action Complaint

2  against Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION and Does 1-100

3  ("Defendants") on behalf of himself and the class of others similarly situated current and former

4  employees of Defendants, as follows:

5                                    **INTRODUCTION**

6         1.    This class action is within the Court's jurisdiction under California Labor Code

7  §§ 201-204, 226, 227.3 and the California Business and Professions Code § 17200, *et seq*., (Unfair

8  Practices Act), and the applicable wage order(s) issued by the Industrial Welfare Commission

9  ("IWC").

10        2.    This complaint challenges systemic illegal employment practices resulting in

11  violations of the California Labor Code, Business and Professions Code and applicable IWC wage

12  orders against employees of Defendants.

13        3.    Plaintiff is informed and believes and based thereon alleges that Defendants,

14  joint and severally have acted intentionally and with deliberate indifference and conscious disregard to

15  the rights of all employees in forfeiture of vacation wages and personal choice holidays (including, but

16  not limited to personal days, flexible days, paid time off, 'PTO', and other paid time off), failure to

17  pay all wages at the end of employment or waiting time wages, and failure to provide accurate

18  itemized wage statements.

19        4.    Plaintiff is informed and believes and based thereon alleges that Defendants

20  have engaged in, among other things a system of willful violations of the California Labor Code,

21  Business and Professions Code and applicable IWC wage orders by creating and maintaining policies,

22  practices and customs that knowingly deny employees their vested vacation wages and personal

23  choice holidays (including, but not limited to, personal days, flexible days, paid time off, 'PTO,' and

24  other paid time off), waiting time wages, and accurate itemized wage statements.

25        5.    The policies, practices and customs of Defendants described above and below

26  have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses

27  that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and

28  applicable IWC wage orders.

1

**JURISDICTION AND VENUE**

2          6.       The Court has jurisdiction over the violations of the California Labor Code §§

3     201-204, 226, 227.3, and the California Business and Professions Code § 17200, *et seq*.

4          7.       This Court has jurisdiction over this Class Action pursuant to California Code

5     of Civil Procedure § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).

6          8.       Venue is proper because International Business Machines Corporation does

7     business in and has employees in the State of California and County of San Francisco and the acts

8     alleged herein occurred there.

9

**PARTIES**

10          9.       Plaintiff Yakov Reznik was employed in San Francisco and Los Angeles

11     Counties, California as an employee of Defendants beginning in December 2012 until on or about

12     April 2014. Plaintiff alleges the following facts that form the basis of his claims: (1) Plaintiff and

13     similarly situated employees were not paid all legally earned and accrued and unused vacation wages

14     and personal choice holidays (including, but not limited to personal days, flexible days, paid time off,

15     'PTO', and other paid time off) at the end of employment but instead had such wages forfeited

16     specifically in that Plaintiff was not paid for all vacation wages and personal choice holidays

17     (including, but not limited to personal days, flexible days, paid time off, 'PTO', and other paid time

18     off)  that he had legally earned, vested, and had not used at the time his and their employment ended

19     an, further, legally earned vacation wages and personal choice holidays (including, but not limited to

20     personal days, flexible days, paid time off, 'PTO', and other paid time off) were not carried over year

21     to year but instead were forfeited either in the year earned or in the following year or at the end of

22     employment, (2) Plaintiff and similarly situated employees were not given accurate and itemized wage

23     statements for all of the above reasons, (3) Plaintiff and similarly situated employees were not paid

24     their final wages, including such above-referenced vacation wages in a timely fashion at the end of his

25     employment, including not paid all wages earned and owed at the end of employment.   Plaintiff

26     Reznik and similarly situated employees were and are victims of the policies, practices and customs of

27     Defendants complained of in this action in ways that have deprived them of their of the rights

28

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1 || guaranteed them by California Labor Code §§ 201-204, 226, 227.3 and California Business and
2 || Professions Code §17200, *et seq.*, and the applicable wage order(s) issued by the IWC.

3 ||         10.    Plaintiff is informed and believes and based thereon alleges Defendant
4 || International Business Machines Corporation was doing business in the State of California and
5 || employed Plaintiff and similarly situated persons in the State of California. Plaintiff is informed and
6 || believes and based thereon alleges Defendant International Business Machines Corporation was and is
7 || a New York corporation registered with the California Secretary of State and doing business in the
8 || State of California and employed Plaintiff and similarly situated persons in the State of California.

9 ||         11.    Plaintiff is informed and believes and thereon alleges that at all times herein
10 || mentioned Defendants and DOES 1 through 100, are and were corporations, business entities,
11 || individuals, and partnerships, licensed to do business and actually doing business in the State of
12 || California.

13 ||         12.    Defendant has operation locations and employees throughout the State of
14 || California including in and/or around San Francisco County and employs several thousand employees
15 || such as Plaintiff at any given time in the State of California.

16 ||         13.    As such, and based upon all the facts and circumstances incident to Defendants'
17 || businesses in California, Defendants are subject to California Labor Code §§ 201-204, 226, 227.3, and
18 || California Business and Professions Code § 17200, *et seq.*, and the applicable wage order(s) issued by
19 || the IWC.

20 ||         14.    Plaintiff does not know the true names or capacities, whether individual, partner
21 || or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason,
22 || said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this
23 || complaint when the true names and capacities are known. Plaintiff is informed and believes and
24 || thereon alleges that each of said fictitious Defendants was responsible in some way for the matters
25 || alleged herein and proximately caused Plaintiff and members of the general public and class to be
26 || subject to the illegal employment practices, wrongs and injuries complained of herein.

27 ||         15.    At all times herein mentioned, each of said Defendants participated in the doing
28 || of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

1  Defendants, and each of them, were the agents, servants and employees of each of the other

2  Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

3  within the course and scope of said agency and employment.

4          16.    Plaintiff is informed and believes and based thereon alleges that at all times

5  material hereto, each of the Defendants named herein was the joint employer, agent, employer, alter

6  ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was

7  acting within the course and scope of such agency, employment, joint venture, or concerted activity.

8  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the

9  remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

10  Defendants.

11          17.    At all times herein mentioned, Defendants, and each of them, were members of,

12  and engaged in, a joint venture, partnership and common enterprise, and acting within the course and

13  scope of, and in pursuance of, said joint venture, partnership and common enterprise.

14          18.    At all times herein mentioned, the acts and omissions of various Defendants,

15  and each of them, concurred and contributed to the various acts and omissions of each and all of the

16  other Defendants in proximately causing the injuries and damages as herein alleged. At all times

17  herein mentioned, Defendants, and each of them, ratified each and every act or omission complained

18  of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts

19  and omissions of each and all of the other Defendants in proximately causing the damages as herein

20  alleged.

21                              **CLASS ACTION ALLEGATIONS**

22          19.    Definition: The named individual Plaintiff brings this action on behalf of

23  himself and a Class of all current and former employees of Defendants who worked in California

24  during the period from April 30, 2010 to the present, including the following Subclasses:

25          (a)    all current and former employees of Defendants who worked in California to

26  whom Defendants applied policies regarding vacation time and personal choice holidays (including

27  vacation equivalent days such as flexible days, PTO days, and personal days) during the period from

28  April 30, 2010 to the present;

1    (b)    all former employees of Defendants who worked in California to whom

2    Defendants applied policies regarding vacation time and personal choice holidays (including vacation

3    equivalent days such as flexible days, PTO days, and personal days) during the period from April 30,

4    2010 to the present;

5    (c)    all current and former employees of Defendants who worked in California who

6    from Defendants' records were not paid out all earned and accrued vacation time (including vacation

7    equivalent days such as flexible days, PTO days, and personal days) and whose employment was

8    terminated at any time from April 30, 2010 to the present;

9    (d)    all former employees of Defendants who worked in California who from

10   Defendants' records were not paid out all earned and accrued vacation time and personal choice

11   holidays (including vacation equivalent days such as flexible days, PTO days, and personal days) and

12   whose employment was terminated at any time from April 30, 2010 to the present;

13   (e) all Defendant's former employees of Defendants who worked in California and who

14   were paid their final paychecks beyond 72 hours from the end of their employment, at any time

15   between April 30, 2010 to the present;

16   (f) all current and former  employees of Defendants who worked in California who

17   received itemized wage statements showing Defendant as their employer, at any time from April 30,

18   2010 to the present.

19   20.    Numerosity: The members of the Class and each Subclass exceeds 100 persons

20   and are so numerous that joinder of all members would be impractical, if not impossible. The identity

21   of the members of the class is readily ascertainable by review of Defendants' records, including

22   payroll records. Plaintiff is informed and believes and based thereon alleges that: (a) class members

23   had vacation wages and personal choice holidays (including vacation equivalent days such as flexible

24   days, PTO days, and personal days)  forfeited; (b) class members were not provided accurate itemized

25   wage statements pursuant to California Labor Code § 226; (c) class members were not paid their final

26   wages in a timely fashion and not paid all wages earned and owed at the end of their employment and

27   are entitled to waiting time penalties pursuant to California Labor Code § 203.

28

1    21.    Adequacy of Representation: The named Plaintiff is fully prepared to take all

2    necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's

3    attorneys are ready, willing and able to fully and adequately represent the class and individual

4    Plaintiff. Plaintiff's attorneys have certified, prosecuted and settled wage-and-hour class actions in the

5    past and currently have a number of wage-and-hour class actions pending in California courts.

6    22.    Common Questions of Law and Fact: There are predominant common questions

7    of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning

8    Defendants': (a) whether Defendants' vacation policies comply with California law, (b) whether

9    vacation equivalent days such as personal choice holidays, flexible days, PTO days, and personal days

10   comply with California law, (c) whether Defendants failed to pay all vested vacation wages year to

11   year, (d) whether Defendants failed to pay all vacation equivalent days such as personal choice

12   holidays, flexible days, PTO days, and personal days year to year, (e) whether Defendants failed to

13   pay all vested vacation wages at the end of employment, (f) whether Defendants failed to pay all

14   vacation equivalent days such as personal choice holidays, flexible days, PTO days, and personal days

15   at the end of employment, (g) failure to keep and provide accurate payroll records in violation of

16   Labor Code § 226; (h) whether class members were not paid their final wages, including vacation and

17   vacation equivalent days such as personal choice holidays, flexible days, PTO days, and personal days

18   in a timely fashion and not paid all wages earned and owed at the end of their employment and are

19   entitled to waiting time penalties pursuant to California Labor Code § 203 and (i) engaging in unfair

20   business practices.

21   23.    Typicality: The claims of Plaintiff are typical of the claims of all members of

22   the class. Plaintiff is a member of the class and has suffered the alleged violations of California Labor

23   Code §§ 201-204, 226, 227.3 and the California Business and Professions Code § 17200, *et seq.*, and

24   the applicable wage order(s) issued by the IWC.

25   24.    The California Labor Code and Wage Order provisions upon which Plaintiff

26   bases his claims are broadly remedial in nature. These laws and labor standards serve an important

27   public interest in establishing minimum working conditions and standards in California. These laws

28   and labor standards protect the average working employee from exploitation by employers who may

7
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  seek to take advantage of superior economic and bargaining power in setting onerous terms and

2  conditions of employment.

3     25.   The nature of this action and the format of laws available to Plaintiff and

4  members of the class identified herein make the class action format a particularly efficient and

5  appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an

6  individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage

7  since they would be able to exploit and overwhelm the limited resources of each individual plaintiff

8  with their vastly superior financial and legal resources. Requiring each class member to pursue an

9  individual remedy would also discourage the assertion of lawful claims by employees who would be

10 disinclined to file an action against their former and/or current employer for real and justifiable fear of

11 retaliation and permanent damage to their careers and subsequent employment.

12    26.   The prosecution of separate actions by the individual class members, even if

13 possible, would create a substantial risk of: (a) inconsistent or varying adjudications with respect to

14 individual class members against the Defendants and which would establish potentially incompatible

15 standards of conduct for the Defendants; and/or (b) adjudications with respect to individual class

16 members which would, as a practical matter, be dispositive of the interest of the other class members

17 not parties to the adjudications or which would substantially impair or impede the ability of the class

18 members to protect their interests. Further, the claims of the individual members of the class are not

19 sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs

20 and expenses.

21    27.   Proof of a common business practice or factual pattern, which the named

22 Plaintiff experienced and is representative of, will establish the right of each of the members of the

23 Class to recovery on the causes of action alleged herein

24    28.   The Class is commonly entitled to a specific fund with respect to the

25 compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to

26 restitution of those funds being improperly withheld by Defendants. This action is brought for the

27 benefit of the entire class and will result in the creation of a common fund.

28                              **FIRST CAUSE OF ACTION**

**For Forfeiture of Vacation in Violation of Labor Code § 227.3**

**(Against All Defendants by Plaintiff and the Class)**

29.     Plaintiff individually and on behalf of the class re-alleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30.     This cause of action is brought pursuant to Labor Code § 227.3 which prohibits employers from forfeiting the vested vacation wages and personal choice holidays of their employees (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off).

31.     As a matter of uniform corporate policy, procedure and practice Defendants violated Labor Code § 227.3 by compelling or coercing Plaintiff and members of the class to forfeit vested vacation wages and personal choice holidays of Plaintiff and the class (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off).

32.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class in a civil action for damages and wages owed and for costs and attorneys' fees.

33.     Plaintiff is informed and believes and based thereon alleges Defendants willfully failed to pay employees all vacation wages for all hours worked. Plaintiff is informed and believes and based thereon alleges Defendants willful failure to provide all vacation wages and personal choice holidays of Plaintiff and the class (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

**SECOND CAUSE OF ACTION**

**For Violation of Labor Code § 226 Regarding Record Keeping**

**(Against All Defendants by Plaintiff and the Class)**

34.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as though fully set for herein.

9

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

35.     Defendants, as a matter of uniform policy, practice and procedure, did not maintain and keep accurate records of their California non-exempt hourly employees in violation of Labor Code § 226.

36.     For example, as a matter of policy and practice, among the violations of Labor Code § 226, Defendants failed to record and pay all legally earned accrued and unused vacation wages and personal choice holidays of Plaintiff and the class (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off) at the end of employment and all such vacation wages earned and owed at the end of employment resulting in a failure keep accurate records of the hours worked. Defendants also failed to keep accurate records of the earning, use, and payment of such vacation wages, and payment of such wages in payperiods including year to year legal accrual and year to year rollover of unused legally earned such vacation wages.

37.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

38.     Defendants wrongful and illegal conduct in failing to accurately record the hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiff and the Class have no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**THIRD CAUSE OF ACTION**

**Violation of Labor Code §§ 201 – 203**

**(Against All Defendants by Plaintiff and the Class)**

10

1         39.    Plaintiff individually and on behalf of the class re-alleges and incorporates by

2 reference paragraphs 1 through 38 as though fully set for herein.

3         40.    At all times relevant herein, Defendants were required to pay Plaintiff and class

4 members all wages owed in a timely fashion at the end of employment or within 72 hours thereof

5 pursuant to California Labor Code §§ 201 to 204.

6         41.    As a pattern and practice, Defendants regularly failed to pay Plaintiff and class

7 members their final wages pursuant to Labor Code §§ 201 to 204 including all vacation wages and

8 personal choice holidays of Plaintiff and the class (including but not limited to personal days, flexible

9 days, paid time off, PTO, and other paid time off) that were not paid during employment as previously

10 alleged, and accordingly owe waiting time penalties pursuant to Labor Code § 203.

11         42.    The conduct of Defendants and their agents and employees as described herein

12 was willfully done in violation of Plaintiff and class members rights.

13         43.    Plaintiff is informed and believes and based thereon alleges Defendants willful

14 failure to pay all wages, including all vacation wages and personal choice holidays of Plaintiff and the

15 class (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time

16 off) due and owing them upon separation from employment or within 72 hours thereof results in a

17 continued payment of wages up to thirty (30) days from the time the wages were due. Therefore,

18 Plaintiff and class members who have separated from employment are entitled to compensation

19 pursuant to Labor Code § 203.

20                                   **FOURTH CAUSE OF ACTION**

21            **For Violations of Business and Professions Code § 17200,** *et seq.*

22               **(Against All Defendants by Plaintiff and the Class)**

23         44.    Plaintiff individually and on behalf of the class re-alleges and incorporates by

24 reference paragraphs 1 through 44 as though fully set for herein.

25         45.    Defendants, and each of them, have engaged and continue to engage in unfair

26 business practices in California by practicing, employing and utilizing the employment practices

27 outlined above, inclusive, to wit, by their: forfeiture of vested vacation wages and personal choice

28

1 | holidays (including but not limited to personal days, flexible days, paid time off, PTO, and other paid

2 | time off).

3 |       46.     Defendants' utilization of such unfair business practices constitutes unfair

4 | competition and provides an unfair advantage over Defendants' competitors.

5 |       47.     Plaintiff seeks, on his own behalf, on behalf of other members of the class

6 | similarly situated, and on behalf of the general public, full restitution of monies, as necessary and

7 | according to proof, to restore any and all monies withheld, acquired and/or converted by the

8 | Defendants by means of the unfair practices complained of herein.

9 |       48.     Plaintiff seeks, on his own behalf, on behalf of other members of the class

10 | similarly situated, and on behalf of the general public, an injunction to prohibit Defendants from

11 | continuing to engage in the unfair business practices complained of herein.

12 |       49.     The restitution includes the equivalent of: all unpaid vested vacation wages and

13 | personal choice holidays (including but not limited to personal days, flexible days, paid time off, PTO,

14 | and other paid time off).

15 |       50.     The acts complained of herein occurred within the last four years preceding the

16 | first filing of the complaint in this action.

17 |       51.     Plaintiff is informed and believes and on that basis alleges that at all times

18 | herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as

19 | proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth

20 | herein above thereby depriving Plaintiff and other members of the general public the minimum

21 | working condition standards and conditions due to them under the California laws and Industrial

22 | Welfare Commission wage orders as specifically described therein.

23 | **PRAYER FOR RELIEF**

24 |       WHEREFORE, Plaintiff on his own behalf and on the behalf of the members of the

25 | class and the general public prays for judgment as follows:

26 |      1.     For an order certifying the proposed classes and subclasses;

27 |      2.     For an order appointing Plaintiff as the representative of the classes and

28 |           subclasses;

3.     For an order appointing Counsel for Plaintiff as class counsel;

4.     Upon the First Cause of Action, for all vested vacation wages and personal choice holidays (including but not limited to personal days, flexible days, paid time off, PTO, and other paid time off pursuant to Labor Code § 227.3 and for costs and attorneys' fees and Labor Code § 203 waiting time wages;

5.     Upon the Second Cause of Action, for penalties and/or damages and that Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the requirements of Labor Code § 226 for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

6.     Upon the Second Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;

7.     Upon the Third Cause of Action, for waiting time wages according to proof pursuant to California Labor Code § 203;;

8.     Upon the Fourth Cause of Action, for restitution to Plaintiff and other similarly effected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by California Business and Professions Code section 17200, et seq.;

9.     For reasonable attorneys' fees, expenses and costs as provided by California Labor Code § 218.5, 226, 227.3, and Code of Civil Procedure § 1021.5; and,

10.    For such other and further relief the court may deem just and proper.

DATED: April 30, 2015

LAW OFFICES OF PETER M. HART

By: _____
Peter M. Hart
Attorneys for Plaintiff, Yakov Reznik

13
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

2      **DEMAND FOR JURY TRIAL**

3              Plaintiff, for himself and the Class, hereby demands a jury trial as provided by

4      California law.

5

6      Dated: April 30, 2015                    **LAW OFFICES OF PETER M. HART**

7

8                                               By: _____

9                                                        Peter M. Hart
                                                Attorneys for Plaintiff Yakov Reznik

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

14

 CT Corporation

**Service of Process Transmittal**
05/07/2015
CT Log Number 527082107

TO: Tulloss Delk
IBM Corporation
1 North Castle Drive, Mail Drop 133
Armonk, NY 10504

RE: **Process Served in California**

FOR: International Business Machines Corporation (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Yakov Reznik, etc., Pltf. vs. International Business Machines Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Proof(s) of Service |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC15545602 |
| **NATURE OF ACTION:** | Employee Litigation - Proof of service has been served in the referred matter |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 05/07/2015 postmarked on 05/05/2015 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Peter M. Hart<br>Law Office of Peter M. Hart<br>12121 Wilshire Blvd<br>Suite 205<br>Los Angeles, CA 90025<br>310-207-0109 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/07/2015, Expected Purge Date: 05/12/2015<br>Telephone, Tulloss Delk , 914-765-4737<br>Image SOP<br>Email Notification, Angela Golfo agolfo@us.ibm.com<br>Email Notification, Tulloss Delk tdelk@us.ibm.com<br>Email Notification, Janet Gaetano janetmg@us.ibm.com<br>Email Notification, Teayna Gibbs teagibbs@us.ibm.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
05/07/2015
CT Log Number 527082107

TO: Tulloss Delk
IBM Corporation
1 North Castle Drive, Mail Drop 133
Armonk, NY 10504

RE: **Process Served in California**

FOR: International Business Machines Corporation (Domestic State: NY)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Attachment(s), Cover Sheet, Instructions, Addendum, Complaint | By Process Server on 05/01/2015 | Tulloss Delk IBM Corporation | 527049288 |

Page 2 of 2 / KB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Law Offices of Peter M. Hart**

12121 Wilshire Boulevard
Suite 205
Los Angeles, CA 90025



stamps

$0.48 0
US POSTAGE
FIRST-CLASS
062S0007897970
90025

CA 900

05 MAY '15

PM 8 1

**CT Corporation System**
818 W. Seventh Street
Suite 200
Los Angeles, CA 90017

90017342550



| Attorney or Party without Attorney:<br>PETER M. HART<br>LAW OFFICES OF PETER M. HART<br>12121 WILSHIRE BLVD<br>STE 205<br>West Los Angeles, CA 90025<br>Telephone No: (310) 478-5789 | | | | For Court Use Only |
|---|---|---|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.:<br>61070 | | | |

Insert name of Court, and Judicial District and Branch Court:
SAN FRANCISCO COUNTY SUPERIOR COURT

Plaintiff: YAKOV REZNICK, as an individual

Defendant: INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporatio

| PROOF OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC 15-545602 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET; NOTICE TO PLAINTIFF RE: CASE MANAGEMENT CONFERENCE; ADR INFORMATION PACKAGE

*3. a. Party served:*      INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation

     *b. Person served:*      VIVIAN IMPERIAL, Agent for service of process

*4. Address where the party was served:*      818 W. SEVENTH STREET<br>STE 200<br>LOS ANGELES, CA 90017

*5. I served the party:*
     a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., May. 01, 2015 (2) at: 11:15AM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
     *on behalf of:* INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York corporation
     Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*                Recoverable Cost Per CCP 1033.5(a)(4)(B)
     a. MARIO LOPEZ            d. *The Fee for Service was:*
     b. **LEGAL SUPPORT UNLIMITED**      e. I am: (3) registered California process server
         1201 W. TEMPLE STREET              *(i)* Owner
         Los Angeles, CA 90026            *(ii) Registration No.:*      5986
     c. (888) 578-8500                     *(iii) County:*      Los Angeles
                                        *(iv) Expiration Date:*      Thu, Dec. 29, 2016

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

     *Date: Mon, May. 04, 2015*

         **PROOF OF SERVICE**          (MARIO LOPEZ)   *12898*   .petha.12867

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 12121 Wilshire Boulevard, Suite 205, Los Angeles, California 90025.

On May 5, 2015, I served the following document described as:

**PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON THE INTERNATIONAL BUSINESS MACHINES CORPORATION**

on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as shown on below:

☐ **(BY OVERNIGHT DELIVERY)**
I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed herein. I placed the envelope of package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **(BY MAIL)**
I am "readily familiar" with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with United States Postal Service, in a sealed envelope with postage fully prepaid.

**CT Corporation System**
818 W. Seventh Street
Suite 200
Los Angeles, CA 90017

☒ **(State)**
I declare under penalty of perjury that the above is true and correct.

☐ **(Federal)**
I declare that I am employed in the office of a member the Bar of this Court at whose direction the service was made.

Executed on May 5, 2015, at Los Angeles, California.

_____
Silvia Urquizu

PROOF OF SERVICE



**Service of Process Transmittal**
05/27/2015
CT Log Number 527193979

| | |
|---|---|
| **TO:** | Tulloss Delk<br>IBM Corporation<br>1 North Castle Drive, Mail Drop 133<br>Armonk, NY 10504 |
| **RE:** | **Process Served in California** |
| **FOR:** | International Business Machines Corporation (Domestic State: NY) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Yakov Reznik, as an individual and on behalf of all others similarly situated, Pltf. vs. International Business Machines Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | First Amended Complaint |
| **COURT/AGENCY:** | Superior Court of the State of California for the County of San Francisco, CA<br>Case # CGC15545602 |
| **NATURE OF ACTION:** | First Amended Complaint for Damages and Injunctive Relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/27/2015 at 09:20 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Peter M. Hart<br>Law Office of Peter M. Hart<br>12121 Wilshire Blvd.<br>Suite 205<br>Los Angeles, CA 90025<br>310-478-5789 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/28/2015, Expected Purge Date: 06/02/2015<br>Telephone, Tulloss Delk , 914-765-4737<br>Image SOP<br>Email Notification, Angela Golfo agolfo@us.ibm.com<br>Email Notification, Tulloss Delk tdelk@us.ibm.com<br>Email Notification, Janet Gaetano janetmg@us.ibm.com<br>Email Notification, Teayna Gibbs teagibbs@us.ibm.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

5/27/15    9:20

1  PETER M. HART (State Bar No. 198691)
   TINA MEHR (State Bar No. 275659)
2  **LAW OFFICES OF PETER M. HART**
   12121 Wilshire Blvd., Suite 205
3  Los Angeles, CA 90025
   Telephone: (310) 478-5789
4  Facsimile: (509) 561-6441

5  Attorneys for Plaintiff Yakov Reznik

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*
**05/19/2015**
**Clerk of the Court**
BY:ROMY RISK
**Deputy Clerk**

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                     FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| 8  YAKOV REZNIK, as an individual and on behalf of all others similarly situated, | **CLASS ACTION  CGC 15-545602** |
| 9 | |
| 10             Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| 11        v. | |
| 12  INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation; and DOES 1 through 100, inclusive, | **(1) VIOLATION OF LABOR CODE § 227.3 (VACATION);** |
| 13 | |
| 14             Defendants. | **(2) VIOLATION OF LABOR CODE § 226 RELATING TO RECORD KEEPING;** |
| 15 | **(3) VIOLATION OF LABOR CODE § 203;** |
| 16 | **(4) UNFAIR BUSINESS PRACTICES (Violation of California Business & Professions Code §17200, *et seq.*)** |
| 17 | |
| 18 | |
| 19 | **DEMAND FOR JURY TRIAL** |

20

21

22

23

24

25

26

27

28

1

1    Plaintiff YAKOV REZNIK ("Plaintiff") hereby submits this First Amended Class
2  Action Complaint against Defendant INTERNATIONAL BUSINESS MACHINES CORPORATION
3  and Does 1-100 ("Defendants") on behalf of himself and the class and subclasses of other similarly
4  situated current and former employees of Defendants, as follows:

5                                    **INTRODUCTION**

6        1.    This class action is within the Court's jurisdiction under California Labor Code
7  §§ 201-204, 226, 227.3 and the California Business and Professions Code § 17200, *et seq.*, (Unfair
8  Practices Act), and the applicable wage order(s) issued by the Industrial Welfare Commission
9  ("IWC").

10       2.    This complaint challenges systemic illegal employment practices resulting in
11 violations of the California Labor Code, Business and Professions Code and applicable IWC wage
12 orders against employees of Defendants.

13       3.    Plaintiff is informed and believes and based thereon alleges that Defendants,
14 joint and severally have acted intentionally and with deliberate indifference and conscious disregard to
15 the rights of all employees in forfeiture of vacation wages and personal choice holidays (including, but
16 not limited to personal days, flexible days, paid time off, 'PTO', and other paid time off), failure to
17 pay all wages at the end of employment or waiting time wages, and failure to provide accurate
18 itemized wage statements.

19       4.    Plaintiff is informed and believes and based thereon alleges that Defendants
20 have engaged in, among other things a system of willful violations of the California Labor Code,
21 Business and Professions Code and applicable IWC wage orders by creating and maintaining policies,
22 practices and customs that knowingly deny employees their vested vacation wages and personal
23 choice holidays (including, but not limited to, personal days, flexible days, paid time off, 'PTO,' and
24 other paid time off), waiting time wages, and accurate itemized wage statements.

25       5.    The policies, practices and customs of Defendants described above and below
26 have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses
27 that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and
28 applicable IWC wage orders.

1                 **JURISDICTION AND VENUE**

2         6.     The Court has jurisdiction over the violations of the California Labor Code §§

3 201-204, 226, 227.3, and the California Business and Professions Code § 17200, *et seq.*

4         7.     This Court has jurisdiction over this Class Action pursuant to California Code

5 of Civil Procedure § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).

6         8.     Venue is proper because International Business Machines Corporation does

7 business in and has employees in the State of California and County of San Francisco and the acts

8 alleged herein occurred there.

9                      **PARTIES**

10         9.     Plaintiff Yakov Reznik was employed in San Francisco and Los Angeles

11 Counties, California as an employee of Defendants beginning in December 2012 until on or about

12 April 2014. Plaintiff alleges the following facts that form the basis of his claims: (1) Plaintiff and

13 similarly situated employees were not paid all legally earned and accrued and unused vacation wages

14 and personal choice holidays (including, but not limited to personal days, flexible days, paid time off,

15 'PTO', and other paid time off) at the end of employment but instead had such wages forfeited

16 specifically in that Plaintiff was not paid for all vacation wages and personal choice holidays

17 (including, but not limited to personal days, flexible days, paid time off, 'PTO', and other paid time

18 off) that he had legally earned, vested, and had not used at the time his and their employment ended

19 an, further, legally earned vacation wages and personal choice holidays (including, but not limited to

20 personal days, flexible days, paid time off, 'PTO', and other paid time off) were not carried over year

21 to year but instead were forfeited either in the year earned or in the following year or at the end of

22 employment, (2) Plaintiff and similarly situated employees were not given accurate and itemized wage

23 statements for all of the above reasons, (3) Plaintiff and similarly situated employees were not paid

24 their final wages, including such above-referenced vacation wages in a timely fashion at the end of his

25 employment, including not paid all wages earned and owed at the end of employment. Plaintiff

26 Reznik and similarly situated employees were and are victims of the policies, practices and customs of

27 Defendants complained of in this action in ways that have deprived them of their of the rights

28

1   guaranteed them by California Labor Code §§ 201-204, 226, 227.3 and California Business and

2   Professions Code §17200, *et seq.*, and the applicable wage order(s) issued by the IWC.

3           10.   Plaintiff is informed and believes and based thereon alleges Defendant

4   International Business Machines Corporation was doing business in the State of California and

5   employed Plaintiff and similarly situated persons in the State of California. Plaintiff is informed and

6   believes and based thereon alleges Defendant International Business Machines Corporation was and is

7   a New York corporation registered with the California Secretary of State and doing business in the

8   State of California and employed Plaintiff and similarly situated persons in the State of California.

9           11.   Plaintiff is informed and believes and thereon alleges that at all times herein

10   mentioned Defendants and DOES 1 through 100, are and were corporations, business entities,

11   individuals, and partnerships, licensed to do business and actually doing business in the State of

12   California.

13           12.   Defendant has operation locations and employees throughout the State of

14   California including in and/or around San Francisco County and employs several thousand employees

15   such as Plaintiff at any given time in the State of California.

16           13.   As such, and based upon all the facts and circumstances incident to Defendants'

17   businesses in California, Defendants are subject to California Labor Code §§ 201-204, 226, 227.3, and

18   California Business and Professions Code § 17200, *et seq.*, and the applicable wage order(s) issued by

19   the IWC.

20           14.   Plaintiff does not know the true names or capacities, whether individual, partner

21   or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason,

22   said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this

23   complaint when the true names and capacities are known. Plaintiff is informed and believes and

24   thereon alleges that each of said fictitious Defendants was responsible in some way for the matters

25   alleged herein and proximately caused Plaintiff and members of the general public and class to be

26   subject to the illegal employment practices, wrongs and injuries complained of herein.

27           15.   At all times herein mentioned, each of said Defendants participated in the doing

28   of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the

1  Defendants, and each of them, were the agents, servants and employees of each of the other

2  Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting

3  within the course and scope of said agency and employment.

4          16.    Plaintiff is informed and believes and based thereon alleges that at all times

5  material hereto, each of the Defendants named herein was the joint employer, agent, employer, alter

6  ego and/or joint venturer of, or working in concert with each of the other Co-Defendants and was

7  acting within the course and scope of such agency, employment, joint venture, or concerted activity.

8  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the

9  remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting

10  Defendants.

11          17.    At all times herein mentioned, Defendants, and each of them, were members of,

12  and engaged in, a joint venture, partnership and common enterprise, and acting within the course and

13  scope of, and in pursuance of, said joint venture, partnership and common enterprise.

14          18.    At all times herein mentioned, the acts and omissions of various Defendants,

15  and each of them, concurred and contributed to the various acts and omissions of each and all of the

16  other Defendants in proximately causing the injuries and damages as herein alleged. At all times

17  herein mentioned, Defendants, and each of them, ratified each and every act or omission complained

18  of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts

19  and omissions of each and all of the other Defendants in proximately causing the damages as herein

20  alleged.

21                                      **CLASS ACTION ALLEGATIONS**

22          19.    Definition: The named individual Plaintiff brings this action on behalf of

23  himself and a Class of all current and former employees of Defendants who worked in California

24  during the period from April 30, 2011 to the present, including the following Subclasses:

25          (a)    all current and former employees of Defendants who worked in California to

26  whom Defendants applied policies regarding vacation time and personal choice holidays (including

27  vacation equivalent days such as flexible days, PTO days, and personal days) during the period from

28  April 30, 2010 to the present;

1           (b)     all former employees of Defendants who worked in California to whom

2 Defendants applied policies regarding vacation time and personal choice holidays (including vacation

3 equivalent days such as flexible days, PTO days, and personal days) during the period from April 30,

4 2011 to the present;

5           (c)     all current and former employees of Defendants who worked in California who

6 from Defendants' records were not paid out all earned and accrued vacation time (including vacation

7 equivalent days such as flexible days, PTO days, and personal days) and whose employment was

8 terminated at any time from April 30, 2011 to the present;

9           (d)     all former employees of Defendants who worked in California who from

10 Defendants' records were not paid out all earned and accrued vacation time and personal choice

11 holidays (including vacation equivalent days such as flexible days, PTO days, and personal days) and

12 whose employment was terminated at any time from April 30, 2011 to the present;

13           (e) all Defendant's former employees of Defendants who worked in California and who

14 were paid their final paychecks beyond 72 hours from the end of their employment, at any time

15 between April 30, 2011 to the present;

16           (f) all current and former  employees of Defendants who worked in California who

17 received itemized wage statements showing Defendant as their employer, at any time from April 30,

18 2011 to the present.

19          20.     Numerosity: The members of the Class and each Subclass exceeds 100 persons

20 and are so numerous that joinder of all members would be impractical, if not impossible. The identity

21 of the members of the class is readily ascertainable by review of Defendants' records, including

22 payroll records. Plaintiff is informed and believes and based thereon alleges that: (a) class members

23 had vacation wages and personal choice holidays (including vacation equivalent days such as flexible

24 days, PTO days, and personal days)  forfeited; (b) class members were not provided accurate itemized

25 wage statements pursuant to California Labor Code § 226; (c) class members were not paid their final

26 wages in a timely fashion and not paid all wages earned and owed at the end of their employment and

27 are entitled to waiting time penalties pursuant to California Labor Code § 203.

28

1        21.    Adequacy of Representation: The named Plaintiff is fully prepared to take all

2  necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's

3  attorneys are ready, willing and able to fully and adequately represent the class and individual

4  Plaintiff. Plaintiff's attorneys have certified, prosecuted and settled wage-and-hour class actions in the

5  past and currently have a number of wage-and-hour class actions pending in California courts.

6        22.    Common Questions of Law and Fact: There are predominant common questions

7  of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning

8  Defendants': (a) whether Defendants' vacation policies comply with California law, (b) whether

9  vacation equivalent days such as personal choice holidays, flexible days, PTO days, and personal days

10  comply with California law, (c) whether Defendants failed to pay all vested vacation wages year to

11  year, (d) whether Defendants failed to pay all vacation equivalent days such as personal choice

12  holidays, flexible days, PTO days, and personal days year to year, (e) whether Defendants failed to

13  pay all vested vacation wages at the end of employment, (f) whether Defendants failed to pay all

14  vacation equivalent days such as personal choice holidays, flexible days, PTO days, and personal days

15  at the end of employment, (g) failure to keep and provide accurate payroll records in violation of

16  Labor Code § 226; (h) whether class members were not paid their final wages, including vacation and

17  vacation equivalent days such as personal choice holidays, flexible days, PTO days, and personal days

18  in a timely fashion and not paid all wages earned and owed at the end of their employment and are

19  entitled to waiting time penalties pursuant to California Labor Code § 203 and (i) engaging in unfair

20  business practices.

21        23.    Typicality: The claims of Plaintiff are typical of the claims of all members of

22  the class. Plaintiff is a member of the class and has suffered the alleged violations of California Labor

23  Code §§ 201-204, 226, 227.3 and the California Business and Professions Code § 17200, *et seq*., and

24  the applicable wage order(s) issued by the IWC.

25        24.    The California Labor Code and Wage Order provisions upon which Plaintiff

26  bases his claims are broadly remedial in nature. These laws and labor standards serve an important

27  public interest in establishing minimum working conditions and standards in California. These laws

28  and labor standards protect the average working employee from exploitation by employers who may

1 | seek to take advantage of superior economic and bargaining power in setting onerous terms and
2 | conditions of employment.

3 |    25. The nature of this action and the format of laws available to Plaintiff and
4 | members of the class identified herein make the class action format a particularly efficient and
5 | appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an
6 | individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage
7 | since they would be able to exploit and overwhelm the limited resources of each individual plaintiff
8 | with their vastly superior financial and legal resources. Requiring each class member to pursue an
9 | individual remedy would also discourage the assertion of lawful claims by employees who would be
10 | disinclined to file an action against their former and/or current employer for real and justifiable fear of
11 | retaliation and permanent damage to their careers and subsequent employment.

12 |    26. The prosecution of separate actions by the individual class members, even if
13 | possible, would create a substantial risk of: (a) inconsistent or varying adjudications with respect to
14 | individual class members against the Defendants and which would establish potentially incompatible
15 | standards of conduct for the Defendants; and/or (b) adjudications with respect to individual class
16 | members which would, as a practical matter, be dispositive of the interest of the other class members
17 | not parties to the adjudications or which would substantially impair or impede the ability of the class
18 | members to protect their interests. Further, the claims of the individual members of the class are not
19 | sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs
20 | and expenses.

21 |    27. Proof of a common business practice or factual pattern, which the named
22 | Plaintiff experienced and is representative of, will establish the right of each of the members of the
23 | Class to recovery on the causes of action alleged herein

24 |    28. The Class is commonly entitled to a specific fund with respect to the
25 | compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to
26 | restitution of those funds being improperly withheld by Defendants. This action is brought for the
27 | benefit of the entire class and will result in the creation of a common fund.

28 | **FIRST CAUSE OF ACTION**

1

2

**For Forfeiture of Vacation in Violation of Labor Code § 227.3**

**(Against All Defendants by Plaintiff and the Class and Subclasses)**

3      29.    Plaintiff individually and on behalf of the class re-alleges and incorporates by

4  reference paragraphs 1 through 28 as though fully set forth herein.

5      30.    This cause of action is brought pursuant to Labor Code § 227.3 which prohibits

6  employers from forfeiting the vested vacation wages and personal choice holidays of their employees

7  (including but not limited to vacation equivalent days such as personal days, flexible days, paid time

8  off, PTO, and other paid time off).

9      31.    As a matter of uniform corporate policy, procedure and practice Defendants

10  violated Labor Code § 227.3 by compelling or coercing Plaintiff and members of the class and

11  subclasses to forfeit vested vacation wages and personal choice holidays of Plaintiff and the class

12  (including but not limited to vacation equivalent days such as personal days, flexible days, paid time

13  off, PTO, and other paid time off) year to year causing a forfeiture and at the end of employment

14  causing a forfeiture and by failing to accrue to class and subclass members vacation wages as allowed

15  under California law causing a forfeiture of vested vacation wages and personal choice holidays of

16  Plaintiff and the class (including but not limited to vacation equivalent days such as personal days,

17  flexible days, paid time off, PTO, and other paid time off) and having such wages owing to the

18  Plaintiff and members of the class and subclasses.

19      32.    Such a pattern, practice and uniform administration of corporate policy

20  regarding illegal employee compensation as described herein is unlawful and creates an entitlement to

21  recovery by Plaintiff and the class and subclasses in a civil action for vacation wages and personal

22  choice holidays of their employees (including but not limited to vacation equivalent days such as

23  personal days, flexible days, paid time off, PTO, and other paid time off) and the damages owed and

24  for costs and attorneys' fees.

25      33.    Plaintiff is informed and believes and based thereon alleges Defendants

26  willfully failed to pay employees all vacation wages for all hours worked. Plaintiff is informed and

27  believes and based thereon alleges Defendants willful failure to provide all vacation wages and

28  personal choice holidays of Plaintiff and the class and subclasses (including but not limited to personal

1   days, flexible days, paid time off, PTO, and other paid time off) due and owing them upon separation

2   from employment results in a continued payment of wages up to thirty (30) days from the time the

3   wages were due. Therefore, Plaintiff and class members and subclass members who have separated

4   from employment are entitled to compensation pursuant to Labor Code § 203.

5                                 **SECOND CAUSE OF ACTION**

6               **For Violation of Labor Code § 226 Regarding Record Keeping**

7          **(Against All Defendants by Plaintiff and the Class and Subclasses)**

8          34.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 33 as

9   though fully set for herein.

10          35.     Defendants, as a matter of uniform policy, practice and procedure, did not

11   maintain and keep accurate records of their California non-exempt hourly employees in violation of

12   Labor Code § 226.

13          36.     For example, as a matter of policy and practice, among the violations of Labor

14   Code § 226, Defendants failed to record and pay all legally earned accrued and unused vacation wages

15   and personal choice holidays of Plaintiff and the class and subclasses (including but not limited to

16   personal days, flexible days, paid time off, PTO, and other paid time off) at the end of employment

17   and all such vacation wages earned and owed at the end of employment resulting in a failure keep

18   accurate records of the hours worked. Defendants also failed to keep accurate records of the earning,

19   use, and payment of such vacation wages, and payment of such wages in payperiods including year to

20   year legal accrual and year to year rollover of unused legally earned such vacation wages.

21          37.     Such a pattern, practice and uniform administration of corporate policy as

22   described herein is unlawful and creates an entitlement to recovery by Plaintiff and the class and

23   subclasses identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code

24   § 226, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to

25   the mandate of California Labor Code § 226.

26          38.     Defendants wrongful and illegal conduct in failing to accurately record the

27   hours worked in accordance with Labor Code § 226 despite the clear legal obligation to do so, unless

28   and until enjoined and restrained by order of this court, will cause great and irreparable injury to

1  Plaintiff and all members of the class and subclasses in that the Defendants will continue to violate

2  these California laws, represented by labor statutes, unless specifically ordered to comply with same.

3  This expectation of future violations will require current and future employees to repeatedly and

4  continuously seek legal redress in order to gain compensation to which they are entitled under

5  California law. Plaintiff and the class and subclasses have no other adequate remedy at law to insure

6  future compliance with the California labor laws and wage orders alleged to have been violated herein.

7  **THIRD CAUSE OF ACTION**

8  **Violation of Labor Code §§ 201 – 203**

9  **(Against All Defendants by Plaintiff and the Class and Subclasses)**

10        39.     Plaintiff individually and on behalf of the class re-alleges and incorporates by

11  reference paragraphs 1 through 38 as though fully set for herein.

12        40.     At all times relevant herein, Defendants were required to pay Plaintiff and class

13  and subclass members all wages owed in a timely fashion at the end of employment or within 72 hours

14  thereof pursuant to California Labor Code §§ 201 to 204.

15        41.     As a pattern and practice, Defendants regularly failed to pay Plaintiff and class

16  and subclass members their final wages pursuant to Labor Code §§ 201 to 204 including all vacation

17  wages and personal choice holidays of Plaintiff and the class (including but not limited to personal

18  days, flexible days, paid time off, PTO, and other paid time off) that were not paid during employment

19  as previously alleged, and accordingly owe waiting time penalties pursuant to Labor Code § 203.

20        42.     The conduct of Defendants and their agents and employees as described herein

21  was willfully done in violation of Plaintiff and class and subclass members rights.

22        43.     Plaintiff is informed and believes and based thereon alleges Defendants willful

23  failure to pay all wages, including all vacation wages and personal choice holidays of Plaintiff and the

24  class and subclasses (including but not limited to personal days, flexible days, paid time off, PTO, and

25  other paid time off) due and owing them upon separation from employment or within 72 hours thereof

26  results in a continued payment of wages up to thirty (30) days from the time the wages were due.

27  Therefore, Plaintiff and class and subclass members who have separated from employment are entitled

28  to compensation pursuant to Labor Code § 203.

1

## FOURTH CAUSE OF ACTION

2

### For Violations of Business and Professions Code § 17200, *et seq.*

3

### (Against All Defendants by Plaintiff and the Class and Subclasses)

4      44.    Plaintiff individually and on behalf of the class and subclasses re-alleges and

5 incorporates by reference paragraphs 1 through 44 as though fully set for herein.

6      45.    Defendants, and each of them, have engaged and continue to engage in unfair

7 business practices in California by practicing, employing and utilizing the employment practices

8 outlined above, inclusive, to wit, by their: forfeiture of vested vacation wages and personal choice

9 holidays (including but not limited to personal days, flexible days, paid time off, PTO, and other paid

10 time off).

11      46.    Defendants' utilization of such unfair business practices constitutes unfair

12 competition and provides an unfair advantage over Defendants' competitors.

13      47.    Plaintiff seeks, on his own behalf, on behalf of other members of the class and

14 subclasses similarly situated, and on behalf of the general public, full restitution of monies, as

15 necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by

16 the Defendants by means of the unfair practices complained of herein.

17      48.    Plaintiff seeks, on his own behalf, on behalf of other members of the class and

18 subclasses similarly situated, and on behalf of the general public, an injunction to prohibit Defendants

19 from continuing to engage in the unfair business practices complained of herein.

20      49.    The restitution includes the equivalent of: all unpaid vested vacation wages and

21 personal choice holidays (including but not limited to personal days, flexible days, paid time off, PTO,

22 and other paid time off).

23      50.    The acts complained of herein occurred within the last four years preceding the

24 first filing of the complaint in this action.

25      51.    Plaintiff is informed and believes and on that basis alleges that at all times

26 herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as

27 proscribed by California Business and Professions Code § 17200, *et seq.*, including those set forth

28 herein above thereby depriving Plaintiff and other members of the general public the minimum

1 working condition standards and conditions due to them under the California laws and Industrial
2 Welfare Commission wage orders as specifically described therein.

3                                          **PRAYER FOR RELIEF**

4          WHEREFORE, Plaintiff on his own behalf and on the behalf of the members of the
5 class and subclasses and the general public prays for judgment as follows:

6          1.     For an order certifying the proposed classes and subclasses;

7          2.     For an order appointing Plaintiff as the representative of the classes and
8                 subclasses;

9          3.     For an order appointing Counsel for Plaintiff as class counsel;

10         4.     Upon the First Cause of Action, for all vested vacation wages and personal
11                choice holidays (including but not limited to personal days, flexible days, paid
12                time off, PTO, and other paid time off pursuant to Labor Code § 227.3 and for
13                costs and attorneys' fees and Labor Code § 203 waiting time wages;

14         5.     Upon the Second Cause of Action, for penalties and/or damages and that
15                Defendants be ordered to show cause why they should not be enjoined and
16                ordered to comply with the requirements of Labor Code § 226 for Defendants'
17                employees related to same; and for an order enjoining and restraining
18                Defendants and their agents, servants and employees related thereto;

19         6.     Upon the Second Cause of Action, for damages or penalties pursuant to statute
20                as set forth in California Labor Code § 226, and for costs and attorneys' fees;

21         7.     Upon the Third Cause of Action, for waiting time wages according to proof
22                pursuant to California Labor Code § 203;;

23         8.     Upon the Fourth Cause of Action, for restitution to Plaintiff and other similarly
24                effected members of the general public of all funds unlawfully acquired by
25                Defendants by means of any acts or practices declared by this Court to be
26                violative of the mandate established by California Business and Professions
27                Code section 17200, et seq.;

28

1    9.    For reasonable attorneys' fees, expenses and costs as provided by California

2          Labor Code § 218.5, 226, 227.3, and Code of Civil Procedure § 1021.5; and,

3    10.   For such other and further relief the court may deem just and proper.

4

5  DATED: May 19, 2015                        **LAW OFFICES OF PETER M. HART**

6

7                                             By: _____

8                                                    Peter M. Hart
                                             Attorneys for Plaintiff, Yakov Reznik
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**DEMAND FOR JURY TRIAL**

Plaintiff, for himself and the class and subclasses, hereby demands a jury trial as provided by California law.

Dated: May 19, 2015

**LAW OFFICES OF PETER M. HART**

By: _____
Peter M. Hart
Attorneys for Plaintiff Yakov Reznik

15

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF