Catherine S. Nasser (State Bar No. 246191)
cnasser@jonesday.com
Allison E. Crow (State Bar No. 279078)
acrow@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:	(415) 626-3939
Facsimile:	(415) 875-5700

Matthew W. Lampe (State Bar No. 4620852) (*pro hac vice*)
mwlampe@jonesday.com
Wendy C. Butler (State Bar No. 4172136) (*pro hac vice*)
wbutler@jonesday.com
JONES DAY
222 East 41st St.
New York, NY 10017
Telephone:	(212) 326-3939
Facsimile:	(212) 755-7306

Attorneys for Defendant
International Business Machines Corp.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# (OAKLAND DIVISION)

| | |
|---|---|
| YAKOV REZNIK, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORP., a New York corporation, and DOES 1-100, inclusive,<br><br>Defendants. | **CASE NO. 4:15-cv-02419-YGR**<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date:	October 6, 2015<br>Time:	2:00 p.m.<br>Crtrm.:	1, 4th Floor<br>Judge:	Hon. Yvonne Gonzalez Rogers |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Evidence 201, and in support of its concurrently filed Motion to Dismiss Second Amended Complaint, Defendant International Business Machines Corporation hereby requests the Court to take judicial notice of the attached document: the Order, Decision or Award of the Labor Commissioner of the State of California, in

1  the matter entitled <u>Michael Labonog v. International Business Machines Corporation</u>, dated
2  September 26, 2014.
3        Under F.R.E. 201, a court may take judicial notice of an adjudicative fact that is "not
4  subject to reasonable dispute because it: (1) is generally known . . . or (2) can be accurately and
5  readily determined from sources whose accuracy cannot reasonably be questioned." Under Rule
6  201, "[t]he content of records and reports of administrative bodies are proper subjects for judicial
7  notice." <u>Jimenez v. Domino's Pizza, Inc.</u>, 238 F.R.D. 241, 246 (C.D. Cal. 2006) (granting request
8  for judicial notice of a Labor Commission Decision or Award) (citing <u>Interstate Natural Gas Co.
9  v. S. Cal. Gas Co.</u>, 209 F.2d 380, 385 (9th Cir. 1953)).
10       Accordingly, Defendant requests that the Court take judicial notice of the following:
11       1.   Order, Decision or Award of the Labor Commissioner, <u>Michael Labonog v.
12 International Business Machines Corporation</u>, Case No. 08-72756 JK (Sept. 26, 2014), a true and
13 correct copy of which is attached as **Exhibit 1**.

Respectfully submitted,

Dated: August 24, 2015

JONES DAY

By: /s/ Wendy Butler
     Wendy Butler

Attorneys for Defendant
INTERNATIONAL BUSINESS MACHINES
CORP.

NAI-1500502374v2

# Exhibit 1

| | |
|---|---|
| **LABOR COMMISSIONER, STATE OF CALIFORNIA**<br>Department of Industrial Relations<br>Division of Labor Standards Enforcement<br>2031 Howe Avenue, Suite 100<br>Sacramento, CA 95825<br>Tel: (916) 263-2841   Fax: (916) 263-2853 | For Court Use Only: |
| Plaintiff: Michael Labonog | |
| | Court Number |
| Defendant: International Business Machines Corporation, a New York corporation | |
| State Case Number<br>08 - 72756 JK | **ORDER, DECISION OR AWARD OF THE LABOR COMMISSIONER** |

1. The above-entitled matter came on for hearing before the Labor Commissioner of the State of California as follows:
   **DATE:** September 19, 2014         ☐ **CONTINUED TO:**
   **CITY:** 2031 Howe Avenue, Suite 100, Sacramento, CA 95825
2. IT IS ORDERED THAT: **Plaintiff take nothing by virtue of his/her complaint.**
   $ _____0.00_____ for wages **(with lawful deductions)**
   $ _____0.00_____ for liquidated damages pursuant to Labor Code Section 1194.2
   $ _____0.00_____ Reimbursable business expenses
   $ _____0.00_____ for interest pursuant to Labor Code Section(s) 98.1(c), 1194.2 and/or 2802(b),
   $ _____0.00_____ for additional wages accrued pursuant to Labor Code Section 203 as a penalty *and that same shall not be subject to payroll or other deductions.*
   $ _____0.00_____ for penalties pursuant to Labor Code Section 203.1 which *shall not be subject to payroll or other deductions.*
   $ _____0.00_____ other (specify):
   $ **_____0.00_____** **TOTAL AMOUNT OF AWARD**
3. The herein Order, Decision or Award is based upon the Findings of Fact, Legal Analysis and Conclusions attached hereto and incorporated herein by reference.
4. The parties herein are notified and advised that this Order, Decision or Award of the Labor Commissioner shall become final and enforceable as a judgment in a court of law unless either or both parties exercise their right to appeal to the appropriate court* within ten (10) days of service of this document. Service of this document can be accomplished either by first class mail or by personal delivery and is effective upon mailing or at the time of personal delivery. If service on the parties is made by mail, the ten (10) day appeal period shall be extended by five (5) days. For parties served outside of California, the period of extension is longer (See Code of Civil Procedure Section 1013). In case of appeal, the necessary filing fee must be paid by the appellant and appellant must, immediately upon filing an appeal with the appropriate court, serve a copy of the appeal request upon the Labor Commissioner. If an appeal is filed by a corporation, a non-lawyer agent of the corporation may file the Notice of Appeal with the appropriate court, but the corporation must be represented in any subsequent trial by an attorney, licensed to practice in the State of California. Labor Code Section 98.2(c) provides that if the party seeking review by filing an appeal to the court is unsuccessful in such appeal, the court shall determine the costs and reasonable attorney's fees incurred by the other party to the appeal and assess such amount as a cost upon the party filing the appeal. An employee is successful if the court awards an amount greater than zero.
**PLEASE TAKE NOTICE:** Labor Code Section 98.2(b) requires that as a condition to filing an appeal of an Order, Decision or Award of the Labor Commissioner, the employer shall first post a bond or undertaking with the court in the amount of the ODA; and the employer shall provide written notice to the other parties and the Labor Commissioner of the posting of the undertaking. Labor Code Section 98.2(b) also requires the undertaking contain other specific conditions for distribution under the bond. While this claim is before the Labor Commissioner, you are required to notify the Labor Commissioner *in writing* of any changes in your business or personal address within 10 days after any change occurs.

\* Appropriate Court:
Placer County Superior Court
PO Box 619072
Roseville, CA 95661-9072

**DATED:** September 26, 2014

**LABOR COMMISSIONER, STATE OF CALIFORNIA**

BY: _____
Stephen Franck         HEARING OFFICER

DLSE 535 (Rev. 1/12)         ORDER, DECISION OR AWARD OF THE LABOR COMMISSIONER         L.C. 98

BEFORE THE LABOR COMMISSIONER
OF THE STATE OF CALIFORNIA

MICHAEL LABONOG,

          Plaintiff

v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION, a New York corporation,

          Defendant

CASE NO. 08-72756 JK

ORDER, DECISION OR AWARD
OF THE LABOR COMMISSIONER

## BACKGROUND

Plaintiff filed an initial claim with the Labor Commissioner's Office on April 21, 2014. The complaint raises the following allegations:

1. Vacation wages earned from March 15, 2009 to March 31, 2014 for 20 weeks in the total amount of $33,950.00.

2. Labor Code Section 203 penalty at the daily rate of $636.41.

A hearing was conducted in Sacramento, California, on September 19, 2014, before the undersigned hearing officer designated by the Labor Commissioner to hear this matter. Plaintiff appeared in pro per. Terry Brent Davis, HR Partner, appeared for Defendant and Defendant was represented by Nicole Shaffer, attorney. Diana Tampas appeared as a witness for Plaintiff. Due consideration having been given to the testimony, documentary evidence and arguments presented, the Labor Commissioner hereby adopts the following Order, Decision or Award.

Page 1

Case No. 08-72756 JK

## FINDINGS OF FACT

Plaintiff was employed by Defendant, a corporation operating a computer services business, to perform services as an Information Technology ("IT") analyst in Placer County, California, under the terms of an oral agreement at the final rate of pay of $40.78 per hour. Defendant discharged Plaintiff on March 31, 2014.

Plaintiff worked as an IT analyst for a retail store chain from 1999 to March 14, 2006. The retail store chain elected to outsource its IT work to Defendant as of March 15, 2006. Plaintiff continued to perform IT work for the retail store chain as an employee of Defendant as of March 15, 2006.

Plaintiff testified he did not have any accrued and unused vacation time as of March 14, 2009. Plaintiff stated he accrued 25 days of vacation per year during the period of March 15, 2009 to March 31, 2014. Plaintiff testified he only used one week of vacation each year during the period of March 15, 2009 to March 31, 2014. Plaintiff did not submit any written documents at the hearing.

Defendant submitted a copy of its written vacation policy in effect as of July 1, 2008. Mr. Davis testified a copy of the vacation policy was available for employees to review on Defendant's employee-only website during Plaintiff's claim period. Under Defendant's vacation policy, employees with 10 to 20 years of service accrued vacation at the maximum rate of 20 days per year. Mr. Davis stated Defendant recognized Plaintiff's seven years of service as an employee of the retail store chain for purposes of vacation accrual under its policy. Mr. Davis testified Plaintiff accrued vacation at the maximum rate of 20 days per year during the claim period of March 15, 2009 to March 31, 2014 as a result of his combined years of service for the retail store chain and Defendant.

Defendant's vacation policy limits total vacation accrual to the maximum number of vacation days an employee is eligible to accrue in a year. Under Defendant's vacation policy, Plaintiff did not accrue any additional vacation time once his total accrued and unused vacation amount reached 20 days. Plaintiff would again accrue additional vacation time after he used vacation and lowered his unused balance to less than 20 days.

Defendant maintained a computer-based vacation planner and tracking system on its employee-only website. Plaintiff testified he recorded his vacation use on Defendant's vacation planner and tracking system. Mr. Davis testified Defendant's records from the vacation planner and tracking system show that Plaintiff carried over two days of accrued and unused vacation at the end of 2013 to the start of 2014. Mr. Davis stated Defendant's records show Plaintiff accrued an additional 5 days of vacation during the period of January 1, 2104 to March 31, 2014. Defendant issued a final wage payment to Plaintiff upon termination for 10 days of accrued and unused vacation at his final rate of pay. Mr. Davis testified Defendant mistakenly overpaid three days of vacation wages to Plaintiff at the time of discharge.

Plaintiff stated he did not receive his final wages in full until April 7, 2014. Mr. Davis testified Defendant's records show it issued a final wage payment to Plaintiff on March 31, 2014. Plaintiff executed a separation agreement on March 31, 2014 in which Plaintiff agreed to a general release of all claims against Defendant in exchange for a separation payment of $25,074.83. The separation payment was issued to Plaintiff on March 31, 2014.

## LEGAL ANALYSIS

California Labor Code Section 227.3 provides in pertinent part:

> Unless otherwise provided by a collective bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employment policy shall not provide for forfeiture of vested vacation time upon termination....

The legislative history of AB 3603/Labor Code Section 227.3 as amended in 1976 evidences the intent to cover all employees who are terminated, whether voluntarily or involuntarily, and regardless of cause. In the definitive 1982 case of *Suastez v. Plastic Dress-Up*, the court defined vacation as a form of deferred wages that an employee earns each day of employment, and wages,

once earned, may not be forfeited. Labor Code Section 227.3 requires the employer to pay employees all earned and unused vacation wages at the time of termination at the final rate of pay. Established court decisions governing the interpretation and application of Section 227.3 provide that an employee who is terminated or who terminates before an eligibility date for vacation pay is entitled to pro rata vacation pay for time served up to the date of termination as that portion of vacation pay has already vested.

Plaintiff has the burden to prove, by a preponderance of the evidence, each and every fact to support his claim. Plaintiff has not met this burden. Plaintiff alleges that Defendant failed to properly carry over his accrued and unused vacation time from one year to the next during the period of March 15, 2009 to March 31, 2014. California law prohibits the application of use-it-or-lose-it provisions in a vacation policy. Vacation may not be forfeited once it is earned. Plaintiff alleges that Defendant's vacation policy includes a use-it-or-lose-it provision and, thus, is unenforceable under California law. A review of California case law does not support Plaintiff's position.

In *Boothby v. Atlas Mechanical*, the court described the difference between an impermissible "use-it-or-lose-it" policy and a permissible cap on accrual.

> A "use-it-or-lose-it" vacation policy provides for forfeiture of vested vacation pay if not used within a designated time, while a "no additional accrual" vacation policy prevents an employee from earning vacation over a certain limit. Although both policies achieve virtually the same result, the former is impermissible and the latter permissible. This distinction is consistent with *Suastez*. Because vacation in an amount established by the employment agreement is deferred compensation for services rendered, the right to paid vacation vests as the employee labors. It is nonforfeitable. However, if the employment agreement precludes an employee from accruing more vacation time after accumulating a specified amount of unused vacation time (a "no additional accrual" policy), the employee does not forfeit vested vacation pay. A "no additional accrual" policy simply provides for paid vacation as part of the compensation package until a maximum amount of vacation is accrued. The policy, however, does not provide for paid vacation as part of the compensation package while accrued, unused vacation remains at the maximum. Since no more vacation is earned, no more vests. A "no additional accrual" policy, therefore, does

not attempt an illegal forfeiture of vested vacation. *Boothby v. Atlas Mechanical* (1992) 6 Cal. App. 4th 1595 at 1601-1602.

Plaintiff's testimony that he accrued 25 days of vacation per year during the period of March 15, 2009 to March 31, 2014 was directly contradicted by Defendant's written vacation policy which shows he was eligible to accrue a maximum of 20 days per year. Moreover, Plaintiff's testimony that he accrued a total of 20 weeks of unpaid vacation time as of his discharge date was also directly contradicted by Defendant's written vacation policy which includes a permissible cap on his accrual. Plaintiff did not accrue 20 weeks of unpaid vacation time under Defendant's vacation policy as the policy placed a cap on accrual at 20 days, or 4 weeks, of vacation.[1] Defendant's cap was permissible because it did not affect Plaintiff's right to any accrued and vested vacation time.

Defendant's vacation policy in effect during Plaintiff's claim period is consistent with *Suastez* and *Boothby* as it does not include a forfeiture of vested vacation. Because Defendant's vacation policy places a permissible cap on accrual, the evidence at hearing establishes that Plaintiff was due wages for seven days of accrued and unused vacation at the time of discharge. Defendant issued a final wage payment to Plaintiff upon termination for 10 days of accrued and unused vacation. Defendant overpaid the amount of vacation wages due Plaintiff at the time of discharge. Therefore, Plaintiff is not due any additional vacation wages from Defendant.

Plaintiff was discharged on March 31, 2014. Labor Code Section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code Section 203 provides that an employee's wages shall continue as a penalty for up to 30 days if an employer willfully fails to pay in accordance with Section 201.

Plaintiff claims he is due a penalty under Labor Code Section 203 for late payment of final wages. Plaintiff testified he received a final wage payment from Defendant on April 7, 2014, which date was seven days after his discharge date. Defendant's pay records indicate it issued a final wage payment to Plaintiff at the time of discharge on March 31, 2014. Plaintiff did not present any

---

[1] 4 weeks calculated at 20 days per year ÷ 5 days per week.

evidence at hearing to support his testimony that he received his final wages late. Plaintiff failed to establish that he did not receive his final wages timely as required under Labor Code Section 201. Because Plaintiff failed to establish a violation of Section 201, Plaintiff is not due a penalty under Labor Code Section 203.

## CONCLUSIONS

FOR ALL OF THE REASONS SET FORTH ABOVE, it is hereby ordered that:

1. Plaintiff takes nothing as wages for vacation pursuant to Labor Code Section 227.3.
2. Plaintiff takes nothing as a penalty pursuant to Labor Code Section 203.

Dated: September 26, 2014

S. Franck, Hearing Officer