UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YAKOV REZNIK**, <br> Plaintiff, <br> v. <br> **INTERNATIONAL BUSINESS MACHINES CORPORATION**, <br> Defendant. | Case No. 15-cv-02419-YGR <br><br> **ORDER GRANTING SUMMARY JUDGMENT** <br><br> Re: Dkt. No. 37 |

Plaintiff Yakov Reznik ("Reznik") brings this putative class action against Defendant International Business Machines Corporation ("IBM") for failure to pay earned vacation wages and "personal choice holiday" wages upon termination. Plaintiff's Second Amended Complaint alleges four claims: violation of California Labor Code sections 227.3 (failure to pay vested vacation wages), 226 (inaccurate wage statements), and 203 (waiting time penalties), as well as a claim for unfair competition under California Business and Professions Code section 17200. (Dkt. No. 25.) IBM has filed a Motion for Summary Judgment on all claims in Plaintiff's Second Amended Complaint. (Dkt. No. 37.)

Having carefully considered the papers submitted, the pleadings in this action, the admissible evidence, and the parties' arguments, and for the reasons set forth below, the Court hereby **GRANTS** the Motion for Summary Judgment. Reznik has failed to raise a disputed issue of fact material to his claim that he was not paid all vested vacation at his final rate of pay upon separation from IBM.

## I. BACKGROUND

Reznik was hired by IBM on December 3, 2012. In April 2014, Reznik went out on a long term disability. From the time of his hiring in December 2012 to the date of his long term disability in April 2014, Reznik did not use any of his vacation days or personal choice holidays.

IBM contends that, because Reznik worked for IBM in California, the "IBM Vacation Plan – California Supplement" applied to him. (Declaration of Jill D. Cytron, Dkt. No. 37, at Exh. A ["California Plan"].) Under the California Plan, IBM employees earn and accrue vacation daily on a pro rata basis throughout the calendar year. (California Plan § 1.1.) Employees with less than ten years of service may accrue up to 15 days of vacation per year; employees with ten to twenty years of service may accrue up to 20 days. (*Id.* § 1.1.1.) The California Plan includes a "no additional accrual" provision that imposes a limit on the amount of vacation that may be accrued in the future when carrying over vested vacation time from a prior year. (Cytron Decl. ¶ 5.) The California Plan also addresses personal choice holidays ("PCH"). IBM requires each United States worksite to offer 12 holidays, but allows each worksite to designate up to six of those days as PCH days not tied to any holiday. (Cytron Decl. ¶ 9; California Plan § 1.7.1.) Like vacation days, PCH days carry over from year to year, subject to a cap on accrual. (Cytron Decl. ¶ 5; California Plan § 1.7.1 [PCH days not used in a 12-month calendar year "offset the amount of personal choice holidays available for use in the following 12-month calendar year."].) The California Plan says, at section 1.1, "Plan coverage begins on employee date of hire and ends on date of separation," and that long term disability, separation, and retirement are all types of "separations" that trigger the payment of vacation as wages. (*See* California Plan §§ 1.1, 1.9.) Upon separation, under the California Plan, the employee is paid for all unused vacation and PCH days, including days that carried over from prior years, subject to the accrual limitations. (California Plan § 1.9; Cytron Decl. ¶ 6.)

In April 2014, Reznik went on long term disability. He had less than ten years of service at IBM and therefore, under the California Plan, he was eligible to accrue up to 15 unused days of vacation and to accrue up to six unused PCH days. During 2013, Reznik did not use any of his vacation days. Thus, he had 15 earned, unused vacation days and 6 unused PCH days, the

2

maximum under the California Plan, entitling him to a total of 21 days' pay. Reznik received a $12,502.75, which represented 25 days' pay at his usual rate. IBM contends their calculations at Reznik's separation not only paid him for all accrued vacation and PCH days, but actually overpaid him by 4 days.

## II. APPLICABLE STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Any party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby. Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

On an issue where the nonmoving party will bear the burden of proof at trial, as here, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 324-25. If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. *Anderson*, 477 U.S. 242, 250; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also* Fed. R. Civ. P. 56(c), (e). On an employment discrimination claim, to prevail at summary judgment, the employer must show either that the plaintiff cannot establish one of the prima facie elements of the discrimination claim or that there was a legitimate, nondiscriminatory reason for the adverse employment action. *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 745 (9th Cir. 2011).

When deciding a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun,* 509 F.3d at 984. Instead, the court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255; *Hunt v. City of Los Angeles,* 638 F.3d 703, 709

(9th Cir.2011).

**III.   DISCUSSION**

Reznik's substantive claims[1] arise under California Labor Code section 227.3 which provides that "an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination." Cal. Labor Code § 227.3.  When an employee is terminated "without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served." *Id.*  Reznik's claims here are all based on two theories of violation: (1) that IBM's vacation policy was an unlawful "use it or lose it" policy; and (2) that PCH days are vested vacation time.

### A.     *Use It Or Lose It Policy*

Under section 227.3, an employer is "not permitted to adopt a 'use it or lose it' policy under which employees' already vested vacation time" is confiscated if unused within a specific time period.  *Rhea v. Gen. Atomics*, 227 Cal. App. 4th 1560, 1571 (2014).  "Forfeit," as that term is used in section 227.3, means that "the employer *took away* the employee's vested vacation time." *Id.* (emphasis in original); *see also Henry v. Amrol, Inc.*, 222 Cal. App. 3d Supp. 1, 5 (1990) (holding that if an employer provides a vacation benefit, the employer "is not free to *reclaim* it after it has been earned") (emphasis supplied).  California courts have distinguished between policies that take away vested vacation time and those that put limits on the accrual of future vacation time.  In *Boothby v. Atlas Mechanical, Inc.*, 6 Cal. App. 4th 1595 (1992), the Court of Appeal held that "an employment agreement may provide that the employee does not earn additional paid vacation if a specified amount of vested vacation remains unused.  Such a provision does not attempt forfeiture of vested vacation and is therefore permissible." *Id.* at 1597; *see also Bell v. H.F. Cox, Inc.*, 209 Cal. App. 4th 62, 75 (2012) (section 227.3 "does not prohibit a 'no additional accrual' policy that prevents employees from earning additional paid vacation time in excess of a specified limit"); *Owen v. Macy's, Inc.*, 175 Cal. App. 4th 462, 470 (2009) ("the

---

[1] Reznik concedes that all of his other alleged violations depend upon the success of his claim under section 227.3.

4

1  courts have approved employer vacation policies that warn employees, in advance, that they will
2  cease to accrue vacation time accumulated in excess of an announced limit").

3  Reznik argues that IBM's applicable policy was an illegal "use it or lose it" policy in
4  violation of California law. Reznik contends that, although the California Plan document itself
5  does not say that employees will lose accrued vacation days, IBM's true policy is different. He
6  contends that he was shown a PowerPoint presentation during his orientation which stated
7  "[u]nused days cannot be carried over into the next year or cashed out." (Declaration of Yakov
8  Reznik, Dkt. No. 27-1, Exh. A at ECF 19.)[2]

9  IBM counters that the PowerPoint states that it is only a summary of IBM's benefit plans.
10 The PowerPoint directs employees to IBM's intranet site to get the full description of the
11 applicable plan, and makes clear that the "official plan documents"—not the PowerPoint itself—
12 constitute "the final authority" on the complete details of IBM benefits. (*Id.* at ECF 31.)[3]

13 Reznik's efforts to argue that the PowerPoint was IBM's actual policy are not supported by
14 evidence. IBM's Plan Administrator confirms that the California Plan was the operative plan
15 throughout the entire applicable period and was not amended during that time from the Plan
16 Administrator. (Cytron Decl. ¶¶ 3, 6.) Although Reznik argues that multiple documents make up
17 the true plan, and that amendments to the plan could take many forms, he offers no evidence to
18 create a disputed issue of fact about the terms of the applicable plan.[4]

19 Moreover, the undisputed evidence is that Reznik was paid for 15 accrued vacation days,
20 consistent with the terms of the California Plan. Whatever other statements or documents Reznik
21 contends might have altered the terms of the California Plan did not result in Reznik being paid

---

[2] The Court notes that this language in the PowerPoint appears in the section concerning holidays, not vacation days. (Dkt. No. 27-1 at ECF 19.)

[3] The PowerPoint also indicates that California vacation laws are different than those applicable to non-California employees. (Dkt. No. 27-1, at ECF 17-18.)

[4] Even the 2012 intranet statement cited by Reznik indicated that earned, unused vacation days carry over to the next year, subject to the 15-day cap beyond which no new days can be earned. (*See* Declaration of Tina Mehr, Dkt. No. 46-2, Exh. C.)

United States District Court
Northern District of California

out accrued vacation any differently than the California Plan specified.[5] Thus, there are no triable issues of fact as to whether Reznik was paid his unused, vested vacation days, consistent with the California Plan's cap on accrual, upon his separation from IBM.[6]

### B. PCH Days Are Vacation Days

Reznik's second theory of violation of section 227.3 is that PCH days are actually vacation days, and required to be treated that way for purposes of paying out earned, unused days. The Labor Code draws a distinction between vacation and other forms of paid leave based upon the true purpose of the program. *Paton v. Advanced Micro Devices, Inc.*, 197 Cal. App. 4th 1505, 1524 (2011). If the time was actually intended to be used as vacation, section 227.3 applies, but if the time serves some other function (*i.e.,* sick leave, holiday, sabbatical), the statute does not apply. *Id.*

IBM disputes Reznik's claim that PCH days are actually additional vacation days, arguing that PCH days are not vacation but are intended to provide employees the opportunity to observe holidays and other meaningful dates that may not be observed generally at the employee's worksite. Nevertheless, IBM's Benefits Program Manager confirmed that, as Plan Administrator, she has consistently advised that California employees are to be paid for all unused vacation *and all unused PCH days* upon separation, including days that carried over from prior years, subject to the limitation on future accruals stated in the California Plan. (Cytron Decl. ¶ 6.) Like vacation days under the California Plan, PCH days carried over to the following year, but offset the number of new PCH days that the employee could accrue. (*Id.* at ¶ 10.) And, in fact, Reznik was paid for all six unused PCH days he accrued. (*Id.*)

Because Reznik was paid for his accrued PCH days just as if they were vacation days, he

---

[5] Reznik also contends, without evidentiary support, that he was on a "paid leave of absence" when he went out on long term disability, and therefore was still accruing vacation. However, even if he were on a paid leave of absence, he could not have accrued (or been paid out) any more than he was, given that he had already reached the cap on accrual. Further, a paid leave of absence would not have been a separation triggering any pay out of accrued vacation at all.

[6] The Court finds that, under the facts here, IBM's application of the California Plan was consistent with section 227.3, but does not reach the question of whether the plan is compliant under all circumstances.

has no basis for a claim that he is owed anything under the statute on this theory.[7]

## IV. CONCLUSION

In short, Reznik offers no evidence to show that he was not paid for all his vested vacation and PCH days upon separation from IBM. There are no triable issues of fact as to the section 227.3 claim or the remaining claims derivative of that liability.

Accordingly, the Motion for Summary Judgment is **GRANTED**.

Judgment will be entered in favor of IBM and against Reznik on all claims.

This terminates Docket No. 37.

**IT IS SO ORDERED.**

Dated: June 7, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**

---

[7] In the absence of an actual controversy, the Court need not reach the merits of IBM's arguments that PCH days are not required to be treated as vacation days.

7